THE STATE *v.* BLACKWELL.

An indictment charged that *A. B.*, on, &c., at, &c., with force and arms broke and entered in and upon the close and land of *C. D.*, there situate, (describing it,) and then and there took and removed from said land a portion of the timber of a poplar tree, which timber, so removed by said *B.*, was of the value, &c., without license, &c. *Held*, that the indictment was not defective for not alleging that said portion of said tree was "then and there" of the value stated.

ERROR to the *Ripley* Circuit Court.

Nov. Term,
1852.

The State
v.
Hubbard.

Perkins, J.—At the *September* term, 1850, of the *Ripley* Circuit Court, the grand jurors for said *Ripley* county returned into Court the following bill:

"The grand jurors," &c., "upon their oath, present that *James H. Blackwell*, on the first day of *February*, in the year eighteen hundred and fifty, at the county of *Ripley* aforesaid, with force and arms, broke and entered in and upon the close and land of one *John F. Acton* there situate, to-wit, the north-west, &c., and then and there took and removed from said land a portion of the timber of one poplar tree, which timber so removed by said *Blackwell* was of the value of 10 dollars, without license," &c.

This indictment was founded upon the 72d section, p. 975, of the R. S., and was objected to below because it omitted the words "then and there," in stating the value of said timber. It was insisted that the indictment should show the value of the timber at the time it was removed. It was quashed.

We think this indictment does so with sufficient certainty. It alleges that the timber was removed on a certain day, and was worth 10 dollars. That statement we understand clearly enough to be that it was worth 10 dollars when it was removed.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*D. Wallace*, for the state.

*J. Ryman*, for the defendant.